# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-20-00094-CR

**Joseph Weber, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 331ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-DC-13-904090, THE HONORABLE DAVID CRAIN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In cause number D-1-DC-13-904090, appellant Joseph Weber was convicted by a jury of one count of continuous sexual abuse of young children, *see* Tex. Penal Code § 21.02(b), two counts of aggravated sexual assault of a child, *see id.* § 22.021(a), and two counts of indecency with a child by exposure, *see id.* § 21.11(a)(2); he was sentenced to seventy years in prison for the continuous-sexual-abuse offense, *see id.* § 21.02(h), seventy years in prison for each of the aggravated-sexual-assault offenses, *see id.* 22.021(e), (f), and ten years in prison for each of indecency offenses, *see id.* § 21.11(d).

On direct appeal, this Court affirmed appellant's conviction for continuous sexual abuse of young children and the two convictions for indecency with child by exposure but vacated his two convictions for aggravated sexual assault of a child. *See Weber v. State*, 536 S.W.3d 31, 37–38 (Tex. App.—Austin 2017, pet. ref'd) (concluding that conviction for

continuous sexual abuse of young children and convictions for aggravated sexual assault of child violated double-jeopardy prohibition against multiple punishments for same offense).

On February 5, 2020, this Court received appellant's *pro se* notice of appeal in cause number D-1-DC-13-904090-C in which appellant expressed his desire to appeal the finding by the Court of Criminal Appeals "that his Habeas Corpus writ named in this cause is a subsequent application."[1]

We do not have jurisdiction to review decisions of the Court of Criminal Appeals. *See* Tex. Const. art. V, § 6 (establishing that intermediate courts of appeals "shall have appellate jurisdiction co-extensive with the limits of their respective districts, which shall extend to all cases of which the District Courts or County Courts have original or appellate jurisdiction"). The Court of Criminal Appeals is the final authority in criminal matters. *See* Tex. Const. art. V, § 5(a) (declaring that Court of Criminal Appeals is final authority for criminal law in Texas: "its determinations shall be final, in all criminal cases of whatever grade"); *see also Moore v. Texas*, 137 S. Ct. 1039, 1044 n.1 (2017) (recognizing that "The CCA is Texas' court of last resort in criminal cases" (citing Tex. Const. art. V, § 5)).

Because we do not have jurisdiction over the appeal that appellant attempts here, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

---

[1] The website for the Court of Criminal Appeals reflects that appellant's third application for writ of habeas corpus, filed pursuant to article 11.07 of the Code of Criminal Procedure, was dismissed under the subsequent-writ bar. *See* Tex. Code Crim. Proc. art. 11.07, §§ 1, 4. *See* website of Court of Criminal Appeals, http://search.txcourts.gov/Case.aspx?cn=WR-83,925-03&coa=coscca. The clerk's record in this appeal contains a notification of that dismissal.

_____
Edward Smith, Justice

Before Justices Goodwin, Kelly, and Smith

Dismissed for Want of Jurisdiction

Filed:   March 20, 2020

Do Not Publish